IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SANDER STARR,

    Plaintiff/Counter-Defendant,

vs.

                                  No. CIV 98-309 MV/LCS

VILLAGE OF BOSQUE FARMS
and RAY ANAYA, in his individual
capacity as an employee of the Village
of Bosque Farms,

    Defendants/Counter-Plaintiffs.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendants' Motion for Summary Judgment on the Issue of Liability on Counterclaims, filed February 19, 1999 **[Doc. 26]** and Defendants' Motion to Amend the Pleadings Pursuant to Fed.R.Civ.P. 15, filed March 31, 1999 **[Doc. 37]**. Plaintiff's Response to Defendants' Motion for Summary Judgment states that he does not oppose the motion. Accordingly, Defendants' Motion for Summary Judgment on the Issue of Liability on Counterclaims will be **GRANTED**. As to Defendants' Motion to Amend the Pleadings, the Court, having considered the motion, response, reply, relevant law, and being otherwise fully informed, finds that the motion is not well taken and will be **DENIED**, as explained below.

### BACKGROUND

This cases arises out of an altercation between a police officer, Defendant Ray Anaya ("Anaya"), and a citizen, Plaintiff Sander Starr ("Starr"). Starr brings claims against Anaya and his

employer, Defendant Village of Bosque Farms ("Village"), pursuant to 42 U.S.C. § 1983, alleging unreasonable seizure, excessive force, and municipal liability. Defendants counterclaimed, asserting assault and battery against Anaya and trespass to chattel, as the result of damage to a police car owned by the Village. Defendants moved for summary judgment in their favor and Plaintiff did not oppose. Defendants now seek to amend their counterclaim to request punitive damages.

## ANALYSIS

Defendants state in their motion and supporting memorandum that they are moving to amend the pleadings pursuant to Fed.R.Civ.P. 15(b). The Rule states in pertinent part:

> When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues.

Fed.R.Civ.P. 15(b). Quoting only the second sentence of the Rule, Defendants argue that the Court should permit them to amend their counterclaim to request punitive damages because Plaintiff did not contest the summary judgment motion.

As the full text of the Rule makes clear, amendment of the pleadings to conform to the evidence is appropriate only "[w]hen issues not raised by the pleadings *are tried by express or implied consent of the parties* . . . ." Here, there has not yet been a trial and Plaintiff does not consent to the addition of the new issues relevant to punitive damages. *See Gold v. Local 7 United Food and Commercial Workers Union*, 159 F.3d 1307, 1309 (10th Cir. 1998). Accordingly, Defendants' motion to amend pursuant to Fed.R.Civ.P. 15(b) is wholly lacking in foundation.

Construing the motion as a request for leave to amend pursuant to Fed.R.Civ.P.15(a), the Court should grant Defendants' leave to amend if "the interests of justice so require." Fed.R.Civ.P. 15(a). "The decision to grant leave to amend a complaint, after the permissive period, is within the trial court's discretion." *Woolsey v. Marion Laboratories, Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991). "Untimeliness alone may be a sufficient basis for denial of leave to amend. Prejudice to the opposing party need not also be shown." *Id.*; *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1495 (10th Cir. 1995); *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365-66 (10th Cir. 1993). Thus, in *Woolsey, supra*, 934 F.2d 1452, for example, the Tenth Circuit upheld the denial of a motion to amend filed 17 months after the original complaint, where the plaintiff offered no reason for the delay and described no new evidence unknown at the time the complaint was filed. *Id.* at 1462. The court held, "[w]here the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." *Id.* (citations and quotation marks omitted).

In the present case, Defendants seek to add a claim for punitive damages based on the counterclaims already filed. The request comes more than a year after the original answer with counterclaims was filed and three months after the deadline for filing motions in this case. No explanation is provided for the failure to request punitive damages in the original counterclaim and no new evidence is cited. Defendants apparently simply decided to add a claim for punitive damages after their motion for summary judgment went uncontested. Under all of these circumstances, the Court finds that the interest of justice will not be served by granting Defendants leave to amend at this late date.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' Motion for Summary Judgment on the Issue of Liability on Counterclaims **[Doc. 26]** is hereby **GRANTED** and Defendants' Motion to Amend the Pleadings Pursuant to Fed.R.Civ.P. 15**[Doc. 37]** is hereby **DENIED**.

_____
MARTHA VÁZQUEZ
U. S. DISTRICT COURT JUDGE

Attorney for Plaintiffs:
   Joseph Kennedy

Attorney for Defendants:
   John DuBois